MONROE SHANNON, plaintiff in error, *vs.* THE STATE OF GEORGIA, defendant in error.

1. The evidence in this case being purely circumstantial (consisting principally of a similarity between the tracks found near the scene of the arson and those of prisoner subsequently measured,) slight in its nature, and not inconsistent with the innocence of the defendant, a new trial should have been granted.

2. Where a motion for a new trial is overruled by a different judge from the one who presided at the trial, the weight of the opinion of the latter in support of the verdict, is wanting.

Criminal law. Evidence. Before Judge HALL. Monroe Superior Court. February Term, 1876.

The following, taken in connection with the decision, sufficiently reports this case: The evidence for the state showed that the tracks found near the scene of the arson appeared as if the right shoe was run down—prisoner's right shoe was slightly run down; also that prosecutor and prisoner had an altercation the day before the fire, in the course of which the former cursed the latter.

Two witnesses for the defense swore that they staid at prisoner's house the night of the alleged arson; that he came home about eleven P. M., and went to bed; that they were awakened about one or two A. M., by an alarm of fire, and that prisoner was apparently asleep; that the distance from prisoner's house to the scene of the arson was about three hundred yards.

The case was tried before Judge McCUTCHEN; the motion for new trial was heard by Judge HALL.

J. A. HUNT; J. S. PINCKARD; W. D. STONE, for plaintiff in error.

HAMMOND & BERNER, for the state.

WARNER, Chief Justice.

The defendant was indicted for the offense of "setting fire to a house in town," and on the trial therefor, was found guilty by the jury, with a recommendation that he be imprisoned

for life.   A motion was made for a new trial, on the ground that the verdict was contrary to law, contrary to the evidence, and without evidence to support it; which motion was overruled by the court and the defendant excepted.

1. The main evidence relied on to connect the defendant with the offense charged, was the fact that certain tracks were discovered near the house set on fire, the next morning thereafter, which were measured but not identified as the tracks of any particular individual.   A day or two afterwards, the defendant's tracks, as he made them in a public street, were measured, and the size thereof compared with the tracks found near the house set on fire.   There were some other slight circumstances offered in evidence to·show the defendant might be guilty of the offense charged, not, however, inconsistent with his innocence, but unless the tracks found near the house set on fire the next morning thereafter were made by the defendant, the verdict cannot be sustained.   How is that fact sought to be established ?   It is sought to be established by a comparison of the size of the tracks found near the house set on fire with the size of the tracks made by the defendant in a public street a day or two afterwards.   The prosecutor, who, measured the tracks found near the house, states that each one measured eleven inches in length from heel to toe, and three and one-fourth in width across the broadest part of it; that he measured the impression on the ground made by the sole only, both length and width.   A witness who measured defendant's track states that it measured ten and three-quarter inches long, and between three and one-eighth and three and one-quarter inches wide ; measured his shoes, ten and a half inches long and three and one-quarter inches across.

The defendant may be guilty, but there is not sufficient evidence to authorize his conviction under the law, for it will not do to find a defendant guilty of an offense, and imprison him for life, on *suspicion* that he is guilty.   This case comes within the ruling of this court in *McDaniel vs. The State*, 53 *Georgia Reports*, 253, and *Earp vs. The State*, 50 *Ibid.*, 513.

2. Besides, in this case, the motion for a new trial was not overruled by the judge who presided at the trial, so that we have not the weight of the opinion of the judge who did preside at the trial in favor of the verdict.

Let the judgment of the court below be reversed.