## ELDER *vs.* THE STATE.

1. The petition for *certiorari* containing a distinct statement that the venue of the offense was duly proved, the silence of the return on that subject is immaterial. What is admitted in the petition needs no verification as against the petitioner.
2. The county judge was warranted by the evidence in finding the petitioner guilty of malicious mischief.

Criminal law. *Certiorari.* Pleadings. Before Judge RICE. Oconee Superior Court. July Term, 1877.

Report unnecessary.

JACKSON & THOMAS, by ERWIN & COBB, for plaintiff in error.

A. L. MITCHELL, solicitor general, for the state.

BLECKLEY, Judge.

1. The offense charged was malicious mischief, by shooting at and killing a mule. The county judge found the accused guilty. The latter petitioned for a *certiorari*, and in the petition alleged that there was evidence adduced that the mule was killed in Oconee county. In his return to the *certiorari*, the county judge made no allusion to such evidence; so that, from the return, it did not appear that the venue of the offense was proved. But it did appear from the petition. What the petitioner distinctly admitted in his own pleading needed no further verification, as against him.

2. The evidence of guilt was sufficient, if the county judge believed it, and thought it irreconcilable with innocence. There was no error in refusing to sustain the *certiorari*.

Cited by counsel: Circumstantial evidence, 57 *Ga.*, 483; 53 *Ib.*, 154; Best on Evidence, §458.

Judgment affirmed.