## MAYOR, ETC., OF BRUNSWICK *vs.* BRAXTON.

The evidence in this case was conflicting, but there was enough to show misfeasance on the part of the city or its agents in constructing the bridge where the accident occurred, and neglecting to keep it in repair; and the presiding judge having approved the finding, this court will not interfere.

(*a.*) In an action against a municipal corporation for damages resulting from the breaking of a plank in a bridge in one of its streets, the ground of the action is either positive misfeasance on the part of the corporation, its officers or servants, or of others under its authority, in doing acts which caused the street to be out of repair, or else neglect by the corporation to put the street in repair, or remove obstructions therefrom, or remedy causes of danger occasioned by the wrongful acts of others. In the former case, no further notice to the corporation of the condition of the street is essential to its liability. In the latter case notice of the condition of the street, or what is equivalent to notice, is necessary.

April 24, 1883.

Municipal Corporations. Streets. Damages. Master and Servant. Negligence. Before Judge TOMPKINS. Glynn Superior Court. May Term, 1882.

Reported in the decision.

IRA E. SMITH, by J. H. LUMPKIN, for plaintiffs in error.

No appearance for defendant.

JACKSON, Chief Justice.

This was an action for damages for negligence in making and keeping up a bridge in the city of Brunswick, so that the plaintiff's horse broke through a plank thereof and was injured thereby, so that he died.

The bridge was over a ditch in one of the streets, and the horse broke through a plank of this bridge and got hurt, and died from the effects. The jury found a verdict of one hundred dollars. A motion for a new trial, on the ground that the verdict was contrary to law and evidence, was overruled, and the defendant excepted.

The evidence is conflicting, but there is enough to show misfeasance in making the bridge, and neglect in keeping it in repair, and the presiding judge having approved the finding, this court does not interfere. Therefore a new trial and reversal will not be granted on the ground that the verdict is against the weight of evidence.

Is it against law? The defendant entrusted an agent to make the bridge and to keep it in repair. "The ground of this action in either positive misfeasance on the part of the corporation, its officers, or servants, or by others under its authority, in doing acts which cause the streets to be out of repair, in which case no other notice to the corporation of the condition of the street, is essential to its liability; or the ground of the action is the neglect of the corporation to put the streets in repair, or to remove obstructions therefrom, or to remedy causes of danger occasioned by

the wrongful acts of others, in which cases notice of the condition of the street, or what is equivalent to notice, is necessary." 2 Dillon, 1020.

Was there misfeasance in this case? The city, by its agent, its employè, put a sappy plank in this bridge. This was misfeasance or wrong-doing in making the bridge, by one acting under its authority, and the law, as cited from Dillon and supported by authorities, makes the city liable in such a case.

The agent himself swears that he did put such a plank in the bridge, and that it caused the breaking through of the horse.

No notice is necessary in such a case, for the obvious reason that the man under the authority of the city put the bad plank in. It is immaterial that he built it all exactly right, as he swore, in a general way. The jury had a right to go on this fact, testified to by himself, that he put that plank in, that it caused the damage, and to believe that fact rather than his skill in general bridge making. So that in this view the verdict is not against law.

Moreover this same agent was to keep the bridge in repair. He knew the plank was there, and that a wet place was under it. He was relied upon by the city, and was its only agent and servant to keep this bridge in repair. Notice to him was notice to the city, and he had notice, for he knew the plank was then over a damp, wet place and would rot; yet he did not inspect it, to see if it was rotting and unsafe.

The evidence is conflicting, but it satisfied the jury and court below of the truth of the case made by the plaintiff; and as made by him and the testimony going to corroborate him, the facts, when the law is applied to them, give him the right to recover.

Judgment affirmed.