### 969.  FORD *v.* HARRIS.

1. Where a motion for a new trial is made before a judge other than the one who presided at the trial, the same breadth of presumption is not indulged in favor of the correctness of the grant as in cases where the judge who actually presided at the trial grants the new trial.

2. In this case the verdict rendered was supported by the evidence; a verdict, if rendered in favor of the opposite party, would not have been so. The judge, therefore (who did not preside at trial), erred in granting a new trial.

Trover, from Gwinnett superior court—Judge Brand.  December 5, 1907.   (See 130 *Ga.* 273.)

Argued April 21,—Decided July 8, 1908. .

*O. A. Nix,* for plaintiff in error.

*N. L. Hutchins, J. A. Perry,* contra.

POWELL, J. Mrs. Harris sued Ford for certain personal property, chiefly household goods, formerly belonging to Mrs. Holmes, who was the mother of the plaintiff and the grandmother of the defendant. At the first trial of the case the plaintiff had a finding in her favor, and this was set aside by the presiding judge, upon motion for new trial, on the ground that the verdict was contrary to the evidence. At the second trial Judge Kimsey presided. There was a verdict for the defendant, and a motion for new trial was filed. This motion came on to be heard before Judge Brand, who had in the meantime been elected judge of the superior court of the circuit including the county of Gwinnett, where the trial occurred. Upon this motion, which contained only the general grounds, Judge Brand granted a new trial, and the defendant excepts.

1. While any judge, in passing on a motion for a new trial, must exercise a sound discretion, still, where the judge who is acting upon a motion is not the same judge who presided at the trial, the reason for the rule that every presumption should be indulged in favor of the legality of the grant does not prevail. *Shannon* v. *State,* 57 *Ga.* 482.

2. The plaintiff's case rested upon a gift to her of the goods by her mother in the year 1895. The defendant showed a gift from the same source two years prior to the date just mentioned, and possession of the property for about seven years before the bringing of suit. The plaintiff also attempted to aid her case by proof of the declarations of the mother, made after she had parted with her title to the defendant. These declarations were mere hearsay, and were not admissible in evidence. On the other hand, her declarations (she having died) against her interest were admissible in favor of the defendant, under the rule that the declarations of a deceased person against his interest are not subject to the objection that they are hearsay. The plaintiff and the defendant both showed title from the same source; the defendant's, being prior in point of time, was entitled to prevail.

RUSSELL, J., though not legally disqualified, declined to participate in the decision, having presided at the first trial of the case in the court below.                    *Judgment reversed.*