## MOSTELLER *v.* CITY OF ROME.

1. On the trial of a suit against a municipality, for damages alleged to have been sustained in consequence of the breaking of a rotten plank in a bridge, of which defect it was alleged the city had notice, the court properly refused, in the absence of proof that the city built the bridge, to charge the jury: "If you believe, from the evidence in this case, that some three months prior to the date of the injury alleged in this case, that the City of Rome reconstructed the bridge described in the petition, and that in so doing the agents of the city placed a rotten and defective plank in the bridge, then it would not be necessary for the plaintiff to prove notice to the city of the rotten condition of such plank; for under the law, if the plank was rotten when placed in the bridge, then notice to the agent placing it there would be notice to the city."

2. In such a case, the following charge accurately states the law and is not erroneous: "I charge you that the standard of care and diligence required by law of both the plaintiff and the defendant is the same. It is ordinary care and diligence. Ordinary care and diligence is that care and diligence which every prudent man takes of his own property of a similar nature, or that care and diligence which every prudent man would exercise under similar circumstances and like surroundings. The absence of such care and diligence is termed ordinary neglect."

3. There was no error in refusing a new trial.

DECEMBER 13, 1913.

Action for damages. Before Judge Maddox. Floyd superior court. January 17, 1913.

*Eubanks & Mebane* and *Denny & Wright,* for plaintiff.
*Max Meyerhardt,* for defendant.

HILL, J. Mosteller brought an action against the City of Rome, for personal injuries sustained by reason of his horse breaking through a certain bridge in the city on June 13, 1909. The petition and evidence showed, among other things, that on the day of the injury the plaintiff was in his buggy and driving along West Second Avenue in the City of Rome, and attempted to drive over the bridge where the injury occurred. His horse stepped upon the planks constituting the floor of the bridge, when the planks broke through, allowing the horse to go through the bridge and down into the drain at least three feet below, causing the horse to fall and plunge forward, jerking and throwing plaintiff out of the buggy to the hard stone roadway, and injuring him as set forth in the petition. It was alleged that the planks of the bridge were rotten, and not sufficient to sustain the weight of the horse. The plaintiff did not know or have reason to suspect the rotten condition of the bridge until after he was hurt, and did not have time

to take any precaution whatever. By reason of the rotten condition of the planks, the bridge was in a dangerous and unsafe condition, and the defendant, its agents and officers, knew this condition existed. The weight of the horse was about nine hundred pounds. The entire width of the plank broke, and its length was three feet. This much crumpled and crushed into small bits. The width of the plank was about ten or twelve inches. There was nothing on the bridge to indicate whether it was safe or unsafe. The plaintiff was thrown on his right hip, etc. The evidence for the defendant tended to show that the plaintiff was not thrown from the buggy, but jumped, and that the plank which broke and caused the horse to fall through the bridge was not rotten. The jury found for the defendant, and the plaintiff excepted to the judgment overruling his motion for a new trial.

1. The fifth ground of the motion for a new trial complains that the court refused, on written request, to give in charge to the jury the following: "If you believe, from the evidence in this case, that some three months prior to the date of the injury alleged in this case, that the City of Rome reconstructed the bridge described in the petition, and that in doing so the agents of the city placed a rotten and defective plank in the bridge, then it would not be necessary for the plaintiff to prove notice to the city of the rotten condition of such plank; for under the law, if the plank was rotten when placed in the bridge, then notice to the agent placing it there would be notice to the city." The court did not err in refusing the request. The petition did not allege that some three months prior to the injury the city placed a rotten and defective plank in the bridge. The request was properly declined, as it was not adapted to the case as made. The plaintiff in error cites the case of *Mayor &c. of Brunswick* v. *Braxton,* 70 *Ga.* 193; but we do not think that case is applicable to the instant case. There a distinction was drawn between a mere case of negligence, for failure to maintain a bridge in safe condition, and a case of misfeasance, where it affirmatively appeared that the city had placed a rotten plank in the bridge. Nothing of that kind appears here. The only allegation in regard to this is, "that by reason of the rottenness of said planks that said bridge was in a dangerous and unsafe condition; that the City of Rome, its agents and officers, knew of said dangerous and unsafe condition; that said dangerous

and unsafe condition had existed for such a length of time, to wit, for more than a year, that the defendant should have known of such condition." In the *Braxton* case, supra, this court draws a distinction between "positive misfeasance on the part of the corporation, its officers and servants, or of others under its authority, in doing acts which caused the street to be out of repair," and "neglect by the corporation to put the street in repair, or remove obstructions therefrom, or remedy causes of danger occasioned by the wrongful act of others." "In the former case," says the court, "no further notice to the corporation of the condition of the street is essential to its liability. In the latter case notice of the condition of the street, or what is equivalent to notice, is necessary." There being no evidence in the present case to affirmatively show that the City of Rome built the bridge, or that there was misfeasance on the part of the City of Rome in placing a rotten plank in the bridge, we think the court below properly declined to instruct the jury as requested.

2. Error is assigned upon the following charge of the court: "I charge you that the standard of care and diligence required by law of both the plaintiff and the defendant is the same. It is ordinary care and diligence. Ordinary care and diligence is that care and diligence which every prudent man takes of his own property of a similar nature, or that care and diligence which every prudent man would exercise under similar circumstances and like surroundings. The absence of such care and diligence is termed ordinary neglect." This excerpt from the charge of the court, together with the general charge on this question, correctly states the rule as to the relative diligence required of the parties. The rule is laid down in *Wilson* v. *City of Atlanta*, 63 *Ga.* 291, and also in *Idlett* v. *City of Atlanta*, 123 *Ga.* 821 (51 S. E. 709), to the same effect. In the *Wilson* case it was held: "Ordinary diligence on the part of a person driving upon a street, and ordinary diligence on the part of the city in constructing and repairing the street, do not imply a like degree of vigilance in foreseeing danger and guarding against it." The use of the word "vigilance," in connection with the use of the word "diligence," is, at first blush, a little confusing, but the difference between the use of the two words is apparent on a second reading of the rule as there laid down. The trial judge in this case correctly charged the rule as to

the relative degree of "diligence" required in cases of this sort, and hence did not err in giving the charge to which exception is taken.

3. We deem it unnecessary to consider in detail the remaining assignments of error, none of which furnishes sufficient reason for the grant of a new trial.

*Judgment affirmed. All the Justices concur.*