30696. VENEER MANUFACTURING CO. *v.* HILL *et al.*

Decided January 18, 1945.

*William F. Buchanan, Mary J. Payne,* for plaintiff.
*Joseph D. Quillian,* for defendants.

Sutton, P. J. On May 6, 1932, Veneer Manufacturing Company sued Barrow County Cotton Mills in the superior court of Barrow County for the sum of $392.01. The defendant filed a demurrer to the petition, which was overruled, and no exception was taken to the judgment on the demurrer. No answer was filed to the suit. On May 20, 1932, an affidavit and bond for garnishment were filed by the plaintiff in Barrow superior court and summonses of garnishment were issued and served on Railway Express Agency and on Winder National Bank. On May 20, 1932, a dissolution bond was executed by Barrow County Cotton Mills, with D. C. Finney and W. H. Hill as sureties. The bond was approved and releases were executed. An answer to the garnishment was filed by Railway Express Agency, admitting it had on hand certain articles of merchandise belonging to the defendant. Winder National Bank filed an answer to the summons of garnishment, admitting an indebtedness at the time of service of $71.25, and up to the date of making answer, an additional sum of $18,477.10.

On January 9, 1935, Barrow County Cotton Mills filed a voluntary petition in bankruptcy, and was adjudicated a bankrupt. On October 17, 1938, a verdict was rendered in favor of

the plaintiff against the defendant for the principal sum of $392.01 together with interest and costs, and judgment was entered accordingly, it being recited in the judgment that as the defendant had been adjudged a bankrupt a perpetual stay of execution was granted as to the judgment against the defendant, at the plaintiff's request.

On the same date, October 17, 1938, a judgment was rendered in the garnishment case, in which proper recitals were made as to the admissions in the answers of the garnishees of their indebtedness to the defendant, Barrow County Cotton Mills, that the plaintiff had recovered judgment in the main case against the defendant for stated amounts, that the adjudication of the defendant as a bankrupt had occurred more than four months after service of the summonses of garnishment and the answers thereto by the garnishees, and it was adjudged that the sum answered by Winder National Bank was subject to the garnishment, and judgment was rendered against that fund for $580.95, the amount of the judgment against the defendant in the main case. On the same date, another judgment was rendered by the judge of the superior court in which it was recited that the plaintiff had recovered against the defendant certain amounts in the main case, that judgment had been rendered for said amounts in the garnishment proceeding against the funds answered into court by Winder National Bank, that the garnishment proceeding was dissolved by the filing by the defendant of a dissolution bond which was signed by D. C. Finney and W. H. Hill as sureties; and, thereupon, it was ordered and adjudged that the plaintiff have and recover of the sureties on the dissolution bond, D. C. Finney and W. H. Hill, the sum of $580.95, the amount of the judgment rendered in favor of the plaintiff against the defendant and against the fund answered into court by the garnishee as stated.

On November 16, 1938, the defendant filed a motion for a new trial on the general grounds. Before the brief of evidence was filed and approved, Hon. R. L. Russell, who had acted as judge pro hac vice, was appointed United States judge for the Northern district of Georgia, and, on September 22, 1942, Hon. G. A. Johns was appointed judge pro hac vice in said case. On October 13, 1942, a brief of evidence was submitted by the defendant sureties and was approved and ordered filed. On August 22, 1944, the

motion for new trial was amended; and, on that date, Hon. G. A. Johns, judge pro hac vice, entered an order granting the motion for new trial. The plaintiff excepted to that judgment.

1. Counsel for the defendant in error made a motion here to dismiss the writ of error upon the ground that the bill of exceptions was not tendered to the trial judge within thirty days from the date of the judgment complained of. The judgment granting a new trial was rendered on August 22, 1944, in open court. This was during the August term, 1944, of Barrow superior court. The bill of exceptions was presented to the judge who passed on the motion on September 22, 1944, and it was signed by him on September 25, 1944. It appears from the certificate of the clerk of the superior court of Barrow County that the judge of that court, on August 29, 1944, passed the following order: "It is ordered that the present August term of the superior court of said county be and the same is kept open until adjourned by further order or by operation of law, for the transaction of all business, civil and criminal;" and it further appears from the certificate of the clerk that the minutes of that court do not show any subsequent order closing said term. Consequently, it follows that the said August term of Barrow superior court was closed by operation of law five days before the next term of that court, which was five days before the third Monday in November, 1944, that being the next term of said court. See Ga. L. 1941, p. 607, fixing the terms of the superior court of Barrow County. It appearing that the August term, 1944, of said court did not adjourn within thirty days from the date of its organization and opening, and it further appearing that the bill of exceptions was tendered to the judge within sixty days from the date of the judgment complained of, it was, therefore, tendered within the time provided by law; and the motion to dismiss the writ of error is overruled. Code, § 6-902; *Holliday* v. *Caldwell*, 62 *Ga. App.* 720 (9 S. E. 2d, 694).

2. It was alleged in the motion for new trial as amended that the judgment was without evidence to support it, as the garnishment proceeding which was introduced in evidence showed on its face that such proceeding was void, as the bond was dated May 16, 1932, and the affidavit was dated May 19, 1932; that the bond was void because Barrow County Cotton Mills was not named as the

obligee therein; that the garnishment affidavit was made before a deputy clerk of the municipal court of Atlanta, who was without authority to take the same for garnishment returnable to the superior court of Barrow County, and consequently the evidence was insufficient to support the judgment.

The record discloses that the garnishment proceeding, consisting of the affidavit and the bond, was headed in large letters: "Affidavit and bond for garnishment." The affidavit was made by Joseph M. Clark as the attorney at law for Veneer Manufacturing Company and stated to the best of his knowledge and belief that Barrow County Cotton Mills was indebted to Veneer Manufacturing Company in the sum of $392.01 together with interest and costs, and that he had commenced suit thereon in an action which was pending in and returnable to the July term, 1932, of the superior court of Barrow County, and that he had reason to apprehend the loss of said sum or some part thereof unless process of garnishment did issue. The affidavit is dated May 19, 1932, and was sworn to before a deputy clerk of the municipal court of Atlanta. The bond followed immediately after the affidavit (both being on the same form) and was as follows: "We, the Veneer Manufacturing Company, principal, and the undersigned as security, are bound unto the defendant in the sum of seven hundred eighty-four and 2/100 ($784.02) dollars, subject to the following conditions: The said plaintiff as principal has sued out process of garnishment upon suit returnable to the July term, 1932, of the superior court of Barrow County, Georgia, against said defendant. Now, should the said plaintiff pay to the said defendant all costs and damages that may be sustained by the said defendant in consequence of suing said garnishment in the event that plaintiff fails to recover in said suit or in event the amount sworn to be due on said judgment is not due, and in the event that the property or money sought to be garnished is not subject to garnishment process, then this bond to be void. Witness our hands and seals, this 16th day of May, 1932." The bond was properly signed by the principal and surety and was approved by the deputy clerk of the municipal court of Atlanta. It appears from the record that the garnishment proceeding was filed in the office of the clerk of the superior court of Barrow County on May 20, 1932.

The irregularity in the dates of the garnishment affidavit and bond and also the alleged defect in the garnishment bond, if there be any defect in such bond, were amendable defects and were cured by judgment. The Code, § 81-1203, provides: "All affidavits for the foreclosure of liens, including mortgages, and all affidavits that are the foundation of legal proceedings and· all counter-affidavits shall be amendable to the same extent as ordinary petitions, and with only the restrictions, limitations, and consequences obtaining in the case of ordinary petitions and pleas;" and § 81-1204 provides: "All bonds taken under requisition of law in the course of a judicial proceeding may be amended and new security given if necessary." § 110-705 is as follows: "A judgment may not be arrested or set aside for any defect in the pleadings or record that is aided by verdict or amendable as matter of form." See *Strickland* v. *Citizens National Bank,* 15 *Ga. App.* 464 (83 S. E. 883). There is no merit in the·contention that the deputy clerk of the municipal court of Atlanta was without authority to take the affidavit of garnishment, where the garnishment was returnable to the superior court of Barrow County. It was held in *Baggs-Langford Motor Co.* v. *Moore,* 36 *Ga. App.* 788 (138 S. E. 256) : "Under the act creating the municipal court of Atlanta, a deputy clerk of that court has authority to take an affidavit for, and to issue, an attachment returnable to a superior court." The attachment proceeding in the case just mentioned was taken out before a deputy clerk of the municipal court of Atlanta, and the original record in that case shows that the attachment was made returnable to the superior court.of Lumpkin County, where the case was tried. See Ga. L. 1913, p. 159, §§ 27 and 28. The garnishment proceeding was not so defective as not to be the basis of a legal judgment.

3. When it was made to appear to the court that a judgment had been taken in the main case of Veneer Manufacturing Company v. Barrow County Cotton Mills on October 17, 1938, and that Winder National Bank as garnishee had filed its answer to the summons of garnishment admitting an indebtedness of $18,477.10 to the defendant in the main case, judgment was properly entered in favor of the plaintiff in the garnishment proceeding against the fund answered into court by Winder National Bank. After judgment in the main case and the judgment

in the garnishment proceeding were rendered, and where it appeared that the defendant in the main case had dissolved the garnishment by giving a dissolution bond with D. C. Finney and W. H. Hill as sureties on the bond, judgment was then properly entered against D. C. Finney and W. H. Hill as sureties on the dissolution bond upon the introduction in evidence of the judgment against the garnishee. The Code, § 46-401, provides: "The plaintiff may enter up judgment upon such bond· against the principal and securities, as judgment may be entered against securities upon appeal, whenever said plaintiff shall obtain the judgment of the court against the property or funds against which garnishment shall have been issued." See *National Surety Co.* v. *Medlock,* 2 *Ga. App.* 665 (3) (58 S. E. 1131), and *Light* v. *Hunt,* 17 *Ga. App.* 491 (87 S. E. 763), which are here applicable and controlling.

4. The judgment complained of in the motion for new trial was demanded under the law and the facts of this case, and, therefore, the court erred in granting a new trial. In so holding we are not unmindful of the rule laid down in the statute that, "The first grant of a new trial shall not be disturbed by the appellate court, unless the plaintiff in error shall show that the judge abused his discretion in granting it, and that the law and facts require the verdict notwithstanding the judgment of the presiding judge." Code, § 6-1608. It might also be stated in this connection that the judge who passed on the motion and granted a new trial was not the same judge who presided in the trial of the case and rendered the judgment complained of in the motion for new trial. It was held in *Ford* v. *Harris,* 4 *Ga. App.* 467 (61 S. E. 881): "Where a motion for a new trial is made before a judge other than the one who presided at the trial, the same breadth of presumption is not indulged in favor of the correctness of the grant as in cases where the judge who actually presided at the trial grants the new trial." In *Monahan* v. *National Realty Co.* 4 *Ga. App.* 680 (8) (62 S. E. 127), it was stated: "Where the judge who presided at the trial of the case did not hear the motion for a new trial, but it was heard by his successor, the rule with reference to the weight of the opinion of the trial judge upon the facts has no application; nor has a judge who did not try the cause originally that discretion, in relation to the grant or refusal

of a new trial upon the evidence, with which an appellate court is reluctant to interfere." Also see *Shannon* v. *State,* 57 *Ga.* 482; *Werk* v. *Big Bunker Hill Mining Corp.,* 193 *Ga.* 217 (6) (17 S. E. 2d, 825).

Judgment reversed. *Felton and Parker, JJ., concur.*