46783. ESPY v. MILLER BROTHERS COMPANY.

PANNELL, Judge. Mrs. Ruby Espy brought an action against Miller Brothers Company seeking to recover damages for injuries allegedly sustained when plaintiff fell on some

stairs in defendant's store. On motion for summary judgment by the defendant, the store manager, by affidavit, testified he inspected the steps where it is claimed plaintiff-appellant fell and that he found no defect in the metal stripping on the lip of the steps, that they were the same kind used in defendant's other stores and were located at the edge of each step and were approximately one inch wide, and "these steps and strippings were of uniform consistency." He further stated that the metal strips "were uniform in the railings therein, were attached flush to the steps, contained no broken or loose tread or holes . . ." By similar means, a store clerk of the defendant testified that as soon as she noticed Mrs. Espy lying on the floor she went over and looked at each of the steps and "that the weather strippings on those steps leading from the platform down to the first floor were flush against the steps and contained no broken or defective treading within these strips, and the steps themselves contained no holes, debris or other material and were level." Plaintiff, by affidavit, testified that while a customer in the store and in descending the steps, her small-heel shoe became lodged in a grooved depression in the metal stripping, causing her to fall, and that her shoe came off her foot and was still stuck in the grooved depression after her fall; that while walking down the steps, because of the angle, one does not see or notice the groove or depression, although a very close inspection reveals the depression and groove; that the depression and groove referred to is not flush with the rest of the stripping but is depressed from the respective outer edges thereof sufficiently to create a hazard and danger to a female wearing high heel shoes." She further testified that the grooved metal stripping was installed by defendant over six months prior to her fall, during which time other women had been caused to fall due to the metal stripping. Pictures of the stripping and steps were identified as properly representing the scene on the occasion in question and introduced in evi-

dence over the objection of the plaintiff who testifed the pictures did not properly represent the condition of the metal stripping at the time of her fall. The trial judge granted summary judgment for the defendant upon the authority of *McCrory Stores Corp. v. Ahern*, 65 Ga. App. 334 (15 SE2d 797). *Held:*

1. The pictures were properly admitted in evidence. *Carnes v. State*, 115 Ga. App. 387, 394 (154 SE2d 781); *Paulk v. Thomas*, 115 Ga. App. 436, 438 (154 SE2d 872).
2. While *McCrory Stores Corp. v. Ahern*, 65 Ga. App. 334, supra, (decided on demurrer prior to the Civil Practice Act) is similar in many of its factual aspects to the present case, it carries within its own rulings the distinction between it and the case now before the court. On page 337, the court said: "The acts of negligence here complained of were of maintenance, and the case should not be confused with cases where the negligence complained of was improper construction which makes the person charged with liability liable whether he knew of the defects in original construction or not. See *Monahan v. National Realty Co.*, 4 Ga. App. 680 (62 SE 127); *Mayor &c. of Brunswick v. Braxton*, 70 Ga. 193; *Marr v. Dieter*, 27 Ga. App. 711 (109 SE 532); *Code* § 61-112. When the defective condition is one of such character that reasonable and prudent men may reasonably differ as to whether an accident could or should have been reasonably anticipated from its existence or not, then the case is generally one for the jury; but when, as in this case, the defect, if any, was so slight that no careful or prudent man would reasonably anticipate any danger from its existence, but still an accident happened which could have been guarded against by the exercise of extraordinary care and foresight, the question of the defendant's responsibility is one of law. Tryon v. Chalmers, 205 App. Div. 816 (200 NYS 362, 364); Beltz v. Yonkers, 148 N.Y. 67 (42 NE 401)." The case here is one of construction and not maintenance. The case here involves prior falls · relating to the question of "whether an accident could

or should have been reasonably anticipated." The case is, therefore, one for a jury to resolve rather than the court by the grant of a summary judgment.

The trial court erred in granting the summary judgment for the defendant.

*Judgment reversed. Hall, P. J., and Quillian, J., concur.*

SUBMITTED JANUARY 7, 1972—DECIDED APRIL 3, 1972—
REHEARING DENIED APRIL 18, 1972.

*Harl C. Duffey, Jr., Robert J. Evans,* for appellant.

*Long, Weinberg, Ansley & Wheeler, Charles M. Goetz, Jr., Matthews, Walton, Smith, Shaw & Maddox, Oscar M. Smith,* for appellee.