## 54940. ALEXANDER v. ASKIN SQUIRE CORPORATION.

BELL, Chief Judge.

Plaintiff obtained a default judgment against defendant on a complaint alleging an indebtedness on a contract in a lump sum. Attached to the complaint was a notice stating that the amount claimed included attorney fees. After entry of the default judgment, defendant moved to set aside the judgment under CPA § 60 (d) (Code Ann. § 81A-160 (d)). The "nonamendable defect" alleged in the motion was that neither the complaint nor the notice attached thereto contained any allegation that attorney fees were authorized; and that the amount of the attorney fees was not separately stated.

Even if the notice for attorney fees failed to comply with the provisions of Code § 20-506 (c) as contended, an issue that we do not decide, it would not afford a basis for setting the judgment aside under CPA § 60 (d), supra for the claimed defect was amendable and was cured by the judgment. A judgment may not be set aside for any defect that is aided by verdict or amendable as a matter of form. Code § 110-705; see *Candler v. Orkin,* 129 Ga. App. 721 (200 SE2d 909); and *Veneer Mfg. Co. v. Hill,* 72 Ga. App. 28 (32 SE2d 838).

*Judgment affirmed. Shulman and Birdsong, JJ., concur.*

ARGUED JANUARY 16, 1978 — DECIDED FEBRUARY 1, 1978.

*John S. Graettinger, Jr., Carolyn S. Weeks,* for appellant.

*D. Merrill Adams,* for appellee.