70324. BETTIS et al. v. RYLE et al.
(335 SE2d 399)

BENHAM, Judge.

Appellant Janice Bettis was injured when she fell while descending a set of wooden porch steps outside the house where defendants Pickett resided. The Picketts were occupying the 100-year-old house pursuant to an oral agreement with the owner, appellee Ryle. Under the terms of an agreement first made in 1976, the Picketts were to maintain the premises in livable condition, making repairs when necessary in exchange for free use of the living quarters. Appellant fell while visiting the Pickett home, and sued them and appellee Ryle for negligence in maintaining the property, contending that appellee was liable for damages pursuant to OCGA §§ 44-7-2; 44-7-13; and 44-7-14. Appellee Ryle filed a motion for summary judgment, which the trial court granted. Appellants here seek a reversal of the trial court's ruling. We affirm.

The record indicates that after appellee turned the property over to the Picketts, he had little contact with them regarding repairs to the premises. Mr. Pickett, a carpenter, was to determine when items needed to be replaced. The wooden steps had been built in the mid-

1970's, and Mr. Pickett had rebuilt the steps approximately once each year thereafter because the wood had had a tendency to rot. The steps on which appellant fell had been rebuilt by Mr. Pickett approximately three to six months before the accident. Mr. Pickett used two-by-fours of pressure-treated lumber and aluminum nails, the same materials he had used in the past to rebuild the steps. It is uncontroverted that prior to the accident the steps were not visibly damaged or defective. Mr. Pickett did not notice any rotting areas before or after the accident, and the wood was not broken before appellant fell. Appellant and the Pickett family had used the steps numerous times without incident, and they all agreed that on the date in question the steps looked and felt safe and were no different than usual. There had been no previous accidents involving the porch steps.

A landlord is not an insurer of the safety of persons lawfully on the premises. *Ween v. Saul*, 88 Ga. App. 299, 302 (76 SE2d 525) (1953). However, he is required to keep the premises in repair. OCGA § 44-7-13. Even if he has fully parted with possession and the right of possession of the premises, he is still responsible to third persons "for damages arising from defective construction or for damages arising from the failure to keep the premises in repair." OCGA § 44-7-14; *Godwin v. Olshan*, 161 Ga. App. 35 (2) (288 SE2d 850) (1982). Our review of the record leads us to conclude that there was no evidence that the porch steps were defectively constructed. Compare *Espy v. Miller Bros.*, 126 Ga. App. 98 (189 SE2d 911) (1972). As for the alleged failure of appellee to keep the premises in repair, it is clear that appellee, through Mr. Pickett, regularly maintained and repaired the porch steps on which appellant was injured. Appellant having offered no evidence to the contrary, the trial court did not err in granting summary judgment for appellee Ryle. OCGA § 9-11-56 (e).

*Judgment affirmed. Banke, C. J., concurs. McMurray, P. J., concurs in the judgment only.*

DECIDED SEPTEMBER 3, 1985.

*Stephen M. Lerner, Fred Lerner*, for appellants.
*Walter C. Alford*, for appellees.