## A92A1777. SULLIVAN v. QUISC, INC.
(427 SE2d 86)

POPE, Chief Judge.

Plaintiff Christine C. Sullivan filed a complaint against defendant Quisc, Inc., d/b/a Austin's Fine Steaks & More, alleging she was injured when she slipped and fell in defendant's restaurant. Plaintiff testified on deposition that she slipped at the entrance to the rest room area and assumed she slipped on the sloped threshold of the door where she fell. Plaintiff identified a licensed architect as an expert witness on her behalf. At deposition, the witness testified he observed the point where plaintiff fell and described it as a door threshold which is sloped to cover a transition in height of approximately two inches from the wood floor on one side of the threshold to the ceramic floor on the other side. The witness testified that in his opinion the threshold created a hazardous condition because it was a slope on which someone could slip. He testified the construction of the threshold did not violate any building code but stated that in his opinion it was poor construction. The witness admitted that several "Watch Your Step" signs were posted in the restaurant, including one posted to the right of the door opening where plaintiff fell.

Defendant moved for summary judgment. In response, plaintiff filed the affidavit of the expert witness in which he attested, contrary to his deposition testimony, that the design of the threshold violated the applicable building code. Plaintiff also filed the affidavit of a woman who attested she fell on the same sloped threshold on a date prior to plaintiff's fall. The trial court granted defendant's motion for summary judgment and plaintiff appeals.

Plaintiff argues the testimony of the expert witness and the evidence that another had fallen at his same spot creates an issue for jury determination concerning whether the threshold constituted a defective condition and that the evidence does not establish she had equal knowledge of the condition. We disagree. The conclusion of an expert witness on the ultimate issue of fact does not necessarily create an issue for jury determination. *Clanton v. Von Haam*, 177 Ga. App. 694 (340 SE2d 627) (1986); *Barnett v. First Fed. Savings &c.*, 169 Ga. App. 396 (3) (313 SE2d 115) (1984). "Expert opinion testimony on issues to be decided by the jury, even the ultimate issue, is admissible where the conclusion of the expert is one which jurors would not ordinarily be able to draw for themselves; i.e., the conclusion is beyond the ken of the average layman. . . . However, it is equally clear that the scope of what is admissible as expert opinion testimony is not unlimited. It is the established rule in Georgia, that where (a) the path from evidence to conclusion is not shrouded in the mystery of professional skill or knowledge, and (b) the conclusion determines the ultimate issues of fact in a case, the jury must make the journey from

evidence to conclusion without the aid of expert testimony. A party may not bolster his opinion as to the ultimate issue with expert testimony when the jury could reach the same conclusion independently of the opinion of others." (Citations and punctuation omitted.) *Clanton*, 177 Ga. App. at 695-696. In the case at hand, the ultimate issue is whether defendant was negligent in maintaining a hazardous condition on the property. In everyday life, persons are required to negotiate the floors, steps and doorways of buildings. It is within the experience and capacity of an average layman to determine whether a sloped threshold across the doorway in a restaurant is a hazardous condition. Thus, just as in *Clanton*, "[i]t does not appear . . . that any particular professional skill or specialized . . . knowledge would necessarily be required to penetrate a 'shroud of mystery' surrounding that issue." Id. at 696. As in *Clanton*, the conclusions of the expert witness are not admissible on the ultimate issue of defendant's negligence and his testimony does not preclude the grant of summary judgment in this case if it is otherwise proper.

Even if the slope of the threshold created a hazardous condition, that the condition was open and obvious is illustrated by the testimony of plaintiff's own witness. His conclusions were based only upon a visual observation of the threshold in question on an occasion when he was an invitee of the restaurant and walked from the dining room into the rest room area. Thus, the condition could have been discovered and avoided by the plaintiff in the exercise of ordinary care and defendant is entitled to summary judgment because the facts show plaintiff's equal knowledge of the condition. Contrary to plaintiff's argument, the facts of this case are materially distinguishable from those in *Espy v. Miller Bros. Co.*, 126 Ga. App. 98 (189 SE2d 911) (1972), in which we reversed the grant of summary judgment to defendant department store in a slip and fall case. In *Espy*, the allegedly dangerous condition of the metal stripping on the stairs where plaintiff fell was not apparent to a person walking on the stairs, whereas in the case at hand the slope of the door threshold was obvious to one walking up to it. Since the evidence in *Espy* showed the plaintiff lacked equal knowledge of the allegedly defective condition, evidence that others had similarly fallen created an issue of fact concerning the defendant's superior knowledge. In the case at hand, however, the evidence that another person fell at the door threshold in no way overcomes the evidence of plaintiff's equal knowledge of the condition. The existence of the door threshold and its sloped construction should have been obvious to plaintiff, as illustrated by the testimony of her expert witness, and there is no duty to warn of the obvious. See *Gyles, Inc. v. Turner*, 184 Ga. App. 376, 377 (361 SE2d 538) (1987) (in which we reversed the trial court's denial of summary judgment to the defendant where the plaintiff slipped on a doorsill).

Even if plaintiff could show that the maintenance of the threshold was negligence per se as a violation of the building code, she would nevertheless by precluded from recovering because of the equal knowledge rule. See *Motes v. 6 'S' Co.*, 186 Ga. App. 67 (366 SE2d 358) (1988). Thus, the trial court did not err in granting summary judgment to defendant.

*Judgment affirmed. Carley, P. J., and Johnson, J., concur.*

DECIDED JANUARY 15, 1993.

*John M. Cullum*, for appellant.
*Don Smart, Allison K. Luke*, for appellee.