A90A0140. CEDARTOWN-POLK COUNTY HOSPITAL AUTHORITY v. WATWOOD.
(393 SE2d 476)

DEEN, Presiding Judge.

The appellee, Dottie Watwood, commenced this action against the appellant hospital after slipping and falling on the appellant's premises. The only issue in this interlocutory appeal from the trial court's denial of summary judgment for the appellant is whether the

appellee and appellant had equal knowledge of any foreign substance.

Around 3:00 p.m. on April 5, 1987, the appellee visited a patient at the appellant hospital. She entered the hospital by walking up the hospital's front steps, and 20-25 minutes later departed by the same set of steps. However, the steps were very wide, with a handrail in the middle; to enter the hospital the appellee had used the right side of the steps, but had used the left side upon leaving the hospital.

Although it had snowed a couple of days earlier, the weather was sunny and clear on the day of this incident. When she fell, the appellee did not notice any foreign substance. The appellee's daughter and a friend of the daughter were immediately called to the hospital, and when they arrived shortly thereafter they observed what appeared to be rock salt on the steps and collected samples. A hospital maintenance man testified that he swept the steps twice that day and was sure that no rock salt remained on the steps. The hospital administrator acknowledged that the hospital maintained a supply of rock salt for inclement weather, but claimed that the substance allegedly collected by the appellee's daughter was different from the hospital's rock salt. *Held*:

The appellant contends that ascending and descending the same steps charges a party with knowledge of the area equal to that of the proprietor, relying upon *Miolen v. Edd Kirby Chevrolet*, 189 Ga. App. 282 (375 SE2d 266) (1988); *Tuck v. Marriott Corp.*, 187 Ga. App. 567 (370 SE2d 795) (1988); *Roberts v. Gardens Svcs.*, 182 Ga. App. 573 (356 SE2d 669) (1987). That proposition, however, more readily fits the above cases, all of which involve the lighting conditions of the steps or stairways, rather than the undetected presence of a foreign substance. Also, the instant case is on a somewhat different footing, where the hospital steps were divided into two sections by a handrail, and the appellee ascended one section and descended the other. It cannot be held as a matter of law in this case that the appellee's use of the steps entering the hospital, without more, provided her with equal knowledge of the condition of the section of steps she used exiting the hospital. The trial court properly denied the appellant's motion for summary judgment.

*Judgment affirmed. Pope and Beasley, JJ., concur.*

DECIDED APRIL 3, 1990.

Tisinger, Tisinger, Vance & Greer, Robert H. Sullivan, for appellant.

John S. Husser, for appellee.