A91A0767. BROOMBERG et al. v. HUDGENS et al.
(426 SE2d 617)

Carley, Presiding Judge.

Seeking to recover for injuries sustained as the result of her slip and fall, appellant-plaintiff and her husband filed the instant action against appellee-defendants. Appellees filed separate motions for summary judgment and, relying upon *Prophecy Corp. v. Charles Rossignol, Inc.,* 256 Ga. 27 (343 SE2d 680) (1986), they urged that certain testimony given by appellant in the instant tort action did not comport with the testimony that had been given by her in a previous workers' compensation proceeding. Appellees' motions were granted and appellants appealed. We reversed because the "self-contradictory testimony" rule had previously been limited to a consideration of such testimony as had been given within the parameters of a single proceeding and the Supreme Court had not intimated in *Prophecy Corp.* that that limitation was no longer viable. " 'The conflicts alleged here by (appellees) were as to (purportedly) conflicting testimony given on previous occasions (other than in the instant case).' [Cit.]" *Broomberg v. Hudgens,* 201 Ga. App. 524, 525 (411 SE2d 521) (1991). On certiorari, however, the Supreme Court reversed, concluding that *Prophecy Corp.* "does not contain the limitation applied by the Court of Appeals. . . ." *Hudgens v. Broomberg,* 262 Ga. 271, 272 (3) (416 SE2d 287) (1992). The instant case is now before this court pursuant to the remand of the Supreme Court to take such further action as may be necessary.

1. The prior judgment of this court holding that there is a limitation on the applicability of *Prophecy Corp.* is vacated and the judgment of the Supreme Court holding that there is no such limitation is hereby made the judgment of this court. Although the Supreme Court did not indicate which prior holdings it considered to have been overruled by *Prophecy Corp.,* we would note for the benefit of the bench and bar that a list of such overruled cases would apparently include: *Renew v. Edenfield,* 200 Ga. App. 484, 486 (3) (408 SE2d 499) (1991); *Slaton Machine Sales v. Owens-Ill.,* 138 Ga. App. 80, 82 (3) (225 SE2d 473) (1976); and, *Branan v. LaGrange Truck Lines,* 94 Ga. App.

829, 846 (3) (96 SE2d 364) (1956).

2. We turn to the issue of whether, under *Prophecy Corp.* as interpreted by the Supreme Court, appellees were entitled to summary judgment based upon appellant's alleged self-contradictory testimony. The initial determination must be whether appellant's testimony was self-contradictory.

According to the allegations of the complaint in the instant case, the dangerous condition which caused the slip and fall was a smooth concrete floor which was slippery because it was wet from a recent mopping. Accordingly, this is *not* a foreign substance case, but a damp and slippery mopped floor case. *Alterman Foods v. Ligon*, 246 Ga. 620, 623-624 (272 SE2d 327) (1980). Consistent with the complaint, appellant gave testimony in the instant case to the effect that she had fallen because the floor was wet. Appellees urge, however, that this testimony attributing her fall to the wetness of the floor is not consistent with her testimony in the prior workers' compensation proceeding, wherein she had not mentioned the wetness of the floor and had given a negative response when asked if she had fallen "on anything in particular."

There is no inconsistency whatsoever between appellant's prior and instant testimony when it is recognized that this is *not* a foreign substance case. It is entirely consistent for appellant to have testified in the workers' compensation case that she did not fall "on anything in particular," but to testify in the instant case that she nevertheless did slip on an unobstructed floor which was extremely slippery because it had recently been mopped and was wet.

Moreover, appellees were not parties to the workers' compensation proceeding and the sole issue therein was whether appellant had suffered a work-related injury. Accordingly, the question that was asked of appellant in that proceeding could reasonably have been constructed as a limited inquiry concerning the nature of her injury and whether, when she slipped, she had fallen on and injured any "particular" part of her body. Appellant indicated that she had construed the question as just such an inquiry and that her negative response meant only that, when she had slipped on the wet floor, she had fallen on and injured no "particular" portion of her body more than any other.

Appellees urge the existence of another inconsistency because, in the workers' compensation proceeding, appellant had also been asked: "Did you notice anything on the floor there?" Her response was: "It's just real slick. It always is." Appellees urge that, by failing to specify that the floor was slippery because it was wet, appellant's prior testimony is not consistent with her instant testimony attributing her fall to the wetness of the floor.

Again, however, it must be recognized that this is *not* a foreign

substance case and that the question did not specifically ask appellant whether she had noticed anything on the floor *after* she had fallen. Accordingly, the question can readily be construed as an inquiry concerning appellant's observations *before* she fell and her response as indicating that she had seen no foreign substance, but had been crossing an unobstructed concrete floor which, in her experience, is always slick to some degree. Thus, there would be no inconsistency with her testimony in the instant case attributing her fall to a floor which had been rendered even more slippery because it was wet. Her prior testimony would merely negate a foreign substance as the cause of her fall, whereas her instant testimony would establish a wet floor as the cause.

Moreover, even if the question is construed as an inquiry concerning appellant's observations *after* she fell, her response in the workers' compensation proceeding would still not be inconsistent with her instant testimony. In the workers' compensation proceeding, appellant was never asked to specify *why* it was that she considered the floor to be slippery. It was only in the instant case that appellant was asked to specify the exact cause of her fall and she testified that she fell on a floor which was slippery because it was wet. Her prior testimony would merely indicate the general existence of a slippery floor, whereas her instant testimony would elaborate and identify wetness as the specific source of the slipperiness which caused her to fall.

It is clear that appellant has *always* maintained that she fell as the result of crossing a slippery floor and has *never* denied that the floor was wet. Compare *McConnell v. Winn-Dixie Atlanta*, 194 Ga. App. 700 (391 SE2d 785) (1990); *Boyd v. Garden Center*, 197 Ga. App. 198 (397 SE2d 626) (1990). The instant case is the first instance in which the *liability of appellees*, has ever been an issue and there is no inconsistency merely because appellant has never previously identified wetness attributable to appellees as the specific source of the slipperiness of the floor and the proximate cause of her fall. Under the new rule adopted by the Supreme Court in *Broomberg v. Hudgens*, supra, the context and nature of the proceeding in which the prior testimony was given must be considered in determining whether that prior testimony is inconsistent with that given in the instant proceeding. Considering the non-negligence oriented context and the perfunctory nature of the questions posed to appellant in the prior workers' compensation proceeding, there was no inconsistency between appellant's testimony therein and her testimony in the instant case.

3. "The slip and fall cases involving foreign substances are inapplicable in an instance where the plaintiff alleges that he fell because of the slippery wax, oil or other finish that defendant placed on the floor. Because the defendant applied or authorized the application of

the floor treatment, he is presumed to have knowledge of its existence. [Cit.]" *Alterman Foods v. Ligon*, supra at 623-624. Accordingly, appellees' knowledge of the alleged wetness of the floor is presumed and they would not be entitled to summary judgment unless the evidence shows that no genuine issue of material fact remains as to appellant's equal knowledge of the wetness and whether, in the exercise of ordinary care, she could have avoided it. See *Carlo v. Americana Healthcare Corp.*, 179 Ga. App. 678, 681 (2) (347 SE2d 282) (1986); *Grier v. Jeffco Mgmt. Co.*, 176 Ga. App. 158 (335 SE2d 408) (1985).

Construing the evidence most favorably for appellant shows the following: She had crossed the concrete floor previously and knew that it was slippery even when dry. She had also previously crossed the concrete floor when it was wet. On those prior occasions when the floor was wet, however, there had been warning signs. On the day of her fall, there was no warning sign and, before she fell, she could not see that the floor was wet. It was only after she had fallen that she realized that the floor was wet. Clearly, on this evidence a genuine issue of material fact remains as to appellees' liability. *Barry v. J. C. Penney Co.*, 159 Ga. App. 587 (284 SE2d 91) (1981). Compare *Adams v. Winn-Dixie Stores*, 192 Ga. App. 892 (386 SE2d 686) (1989) and *Alterman Foods v. Munford*, 178 Ga. App. 214 (342 SE2d 480) (1986) (wherein "wet floor" signs were posted to warn of the presence of a foreign substance not intentionally placed on the floor by the defendants).

*Judgments reversed. Beasley and Cooper, JJ., concur.*

DECIDED DECEMBER 2, 1992 —
RECONSIDERATION DENIED DECEMBER 17, 1992

J. Carol Sherwood, Jr., for appellants.
Dillard, Landers & Bower, Daniell S. Landers, Bryant H. Bower, Jr., Robert W. Lamb, Young, Clyatt, Turner, Thagard & Hoffman, James B. Thagard, for appellees.