A94A0569. LINDSEY v. J. H. HARVEY COMPANY.
(445 SE2d 810)

McMURRAY, Presiding Judge.

Plaintiff Lindsey sued defendant J. H. Harvey Company to recover for personal injuries she sustained on defendant's business premises, alleging that she "suddenly and without warning, fell backwards violently to the floor in a pool of water that had collected from the employee's moping [sic] the floor." Defendant denied the material allegations of the complaint and moved for summary judgment. Viewed in the light most favorable to plaintiff as the non-movant, the record shows the following undisputed facts:

On September 13, 1990, plaintiff and her ex-husband entered defendant's supermarket at 9:15 p.m. They progressed up and down the aisles. At the third aisle, plaintiff noticed that two store employees were mopping the floor, leaving "[a] bunch of water." Plaintiff, who was wearing "flip-flops," continued her shopping and reached the fifth aisle. She then returned to the third aisle. As she retraced her steps, plaintiff's ex-husband warned her to "watch out for the water" because the floor was wet in that aisle. When she rounded the corner to the third aisle, plaintiff slipped and fell in water accumulated on the floor from the mopping. According to Robert A. Mulkey, the assistant manager, the cleaning procedures were to wet mop the floor with plain water and to let the floors dry by air. No warning signs had been placed in the aisles. In response to defendant's motion, plaintiff submitted her affidavit, deposing that, at the time she rounded the aisle where she slipped, her eyes were focused on the shelves looking for the spices she was about to select.

The trial court granted defendant's motion for summary judgment and this appeal followed. *Held*:

Plaintiff enumerates the grant of summary judgment, contending that genuine issues of material fact remain. Specifically, plaintiff argues that a jury should determine defendant's tort liability to her because defendant never warned her about the water on the floor and because it is a jury question whether she exercised ordinary care for

her own safety.

"The slip and fall cases involving foreign substances are inapplicable in an instance where the plaintiff alleges that [s]he fell because of the slippery wax, oil, or other finish that defendant [has] placed on the floor. Because the defendant applied or authorized the application of the floor treatment, he is presumed to have knowledge of its existence. See *American National Bank v. Howard*, 117 Ga. [App.] 834 (161 SE2d 838) (1968). In this type of case the plaintiff may make out a cause of action by showing an act or omission on the part of the defendant which was the proximate cause of his injury and which could not have been avoided by the plaintiff through the exercise of ordinary care. See, *Hogg v. First National Bank*, 82 Ga. App. 861 (62 SE2d 634) (1950)." *Alterman Foods v. Ligon*, 246 Ga. 620, 623-624 (272 SE2d 327). Similarly, the proprietor's "knowledge of the alleged wetness of the floor [due to mopping] is presumed and [defendant] would not be entitled to summary judgment unless the evidence shows that no genuine issue of material fact remains as to [plaintiff's] equal knowledge of the wetness and whether, in the exercise of ordinary care, she could have avoided it. See *Carlo v. Americana Healthcare Corp.*, 179 Ga. App. 678, 681 (2) (347 SE2d 282) (1986); *Grier v. Jeffco Mgmt. Co.*, 176 Ga. App. 158 (335 SE2d 408) (1985)." *Broomberg v. Hudgens*, 206 Ga. App. 797, 799 (3), 800 (426 SE2d 617). " 'The rules governing the land proprietor's duty to his invitee presuppose that the possessor knows of the condition and "has no reason to believe that they (his invitees) will discover the condition or realize the risk involved therein." Restatement (Second) of Torts, § 343. The basis of the proprietor's liability is his superior knowledge, and if his invitee knows of the condition or hazard there is no duty on the part of the proprietor to warn him and there is no liability for resulting injury because the invitee has as much knowledge as the proprietor does and then by voluntarily acting in view of his knowledge, assumes the risks and dangers incident to the known condition.' " *Rogers v. Atlanta Enterprises*, 89 Ga. App. 903, 906 (81 SE2d 721). However, " '[i]t is a plaintiff's knowledge of the *specific* hazard which precipitates the slip and fall which is determinative, not merely his knowledge of the generally prevailing hazardous conditions or of the hazardous conditions which he observes and avoids.' *Telligman v. Monumental Properties*, 161 Ga. App. 13, 16 (2) [(288 SE2d 846)]." (Emphasis in original.) *Nicholson v. MARTA*, 179 Ga. App. 173, 175 (345 SE2d 679).

In the case sub judice, plaintiff admitted that she had actual knowledge of the wet condition of the floor, specifically in aisle three, before she returned to that area of the store. Consequently, the failure of defendant to warn her does not show the existence of any jury question as to defendant's liability. *Rogers v. Atlanta Enterprises*, 89

Ga. App. 903, 906, supra. Nor is there a jury question as to whether plaintiff exercised ordinary care for her own safety. In light of the warning from her ex-husband to "watch out for the water," plaintiff must be deemed to have acted on her actual knowledge and to have assumed the obvious risks in traversing the wet floor. *Rogers v. Atlanta Enterprises*, 89 Ga. App. 903, 906, supra. "If the plaintiff by ordinary care could have avoided the consequences to himself caused by the defendant's negligence, he is not entitled to recover." OCGA § 51-11-7. See also *Bowman v. Richardson*, 176 Ga. App. 864, 865 (338 SE2d 297). Consequently, the trial court did not err in granting defendant's motion for summary judgment.

*Judgment affirmed. Pope, C. J., and Smith, J., concur.*

DECIDED JUNE 24, 1994.

*Carl A. Veline, Jr.*, for appellant.

*Martin, Snow, Grant & Napier, Robert R. Gunn II, Alan M. Maxwell*, for appellee.