## A94A2056. WARNKE v. PACE MEMBERSHIP WAREHOUSE, INC.
### (449 SE2d 629)

BLACKBURN, Judge.

This is an appeal from the grant of a motion for summary judgment in favor of appellee Pace Membership Warehouse, Inc. (Pace), in an action for damages for injuries appellant Anne Mae Warnke received in a fall on Pace's premises.

The record viewed in the light most favorable to Warnke, the nonmovant, shows that on the morning of December 21, 1990, Warnke and her son went to Pace for the purpose of purchasing tires for her automobile. Upon their arrival, they discovered that the tire center was closed, and proceeded to the main store which was open. The weather on that morning was drizzly and foggy and the sky was overcast. The weather conditions made it difficult for Warnke to distinguish between the asphalt driveway and the concrete curb and the sidewalk leading to the front entrance to the main store. Warnke had been to the store before, but she had never been to the tire center or approached the store from the entrance of the tire center.

Although visibility was obscured because of the weather conditions, she proceeded toward the sidewalk and tripped and fell as her foot hit the edge of the curb, sustaining serious injuries to her arm and hip which required surgery. She deposed that prior to the fall, she noticed that she was approaching a sidewalk and she had been looking ahead and down in front of her. Warnke's expert deposed that the curb height was slightly below a normal curb height, and because of this height differential and the fact that it involved a single step, it was inherently dangerous.

The dangerous condition which resulted in plaintiff's injuries arose from the reduced visibility created by the fog, of which plaintiff was aware, in combination with the sidewalk which was in fact seen by plaintiff prior to her fall. Fog is a natural weather condition, the hazards of which are understood by all, and inasmuch as plaintiff had actual knowledge of the presence of the curb, there can be no superior

knowledge on the part of the proprietor and hence no liability. *Gaydos v. Grupe Real Estate Investors*, 211 Ga. App. 811 (440 SE2d 545) (1994).

"In order for plaintiff to recover, two elements must exist: (1) fault on the part of the owner, and (2) ignorance of the danger on the part of the invitee[.] The basis of the proprietor's liability is his superior knowledge, and if his invitee knows of the condition or hazard there is no duty on the part of the proprietor to warn him and there is no liability for resulting injury because the invitee has as much knowledge as the proprietor does and then by voluntarily acting in view of his knowledge, assumes the risks and dangers incident to the known condition. Under the conditions here set out, a person acting in the exercise of ordinary care for his own safety should have been aware that such a hazard to walking [up onto a curbed sidewalk] would be likely to exist, and should have accordingly exercised ordinary care to avoid it. Her means of knowledge being equal with that of [Pace], it follows that she has failed to show a right of recovery based upon the acts of negligence alleged." (Citations and punctuation omitted.) *Folks, Inc. v. Dobbs*, 181 Ga. App. 311, 312 (1) (352 SE2d 212) (1986).

The expert witness' testimony did not create a question of fact so as to preclude summary judgment where the conclusion drawn by the expert is not one which is beyond the ken of the average layman. See *Sullivan v. Quisc, Inc.*, 207 Ga. App. 114 (427 SE2d 86) (1993). "[T]he ultimate issue is whether [Pace] was negligent in maintaining a hazardous condition on the property [and] [i]n everyday life, persons are required to negotiate floors, steps and doorways." Id. at 115. Even if the curbed sidewalk was hazardous as Warnke asserts, the condition was open and obvious, and thus, in the exercise of ordinary care, she could have avoided it. See *Sullivan*, supra. There is no duty to warn of the obvious. Id. In addition, Warnke, having as much knowledge as Pace, assumed the risks and dangers of negotiating a curbed sidewalk which she could not clearly see because of the weather conditions. See *Folks*, supra. Ordinarily, issues of negligence, including assumption of the risk, require jury resolution. However, where the facts are plain as in this case, summary adjudication as a matter of law is proper. Id. Consequently, the trial court did not err in granting summary judgment in favor of Pace.

*Judgment affirmed. Birdsong, P. J., and Ruffin, J., concur.*

DECIDED OCTOBER 5, 1994 —
RECONSIDERATION DENIED OCTOBER 24, 1994.

*Charles S. Hunter,* for appellant.

*F. Earl Wiggers, Jr., Florence M. Hackman,* for appellee.