A96A0978. STEELE v. CHAPPELL et al.
(474 SE2d 309)

Judge Harold R. Banke.

Robert D. Steele sought to recover for personal injuries allegedly sustained when he fell on a wooden basement step in his demised premises. Steele sued Beverly Chappell and Deborah Cline ("Chappell"), the administratrices of the estate of Shirley J. Stacy, his deceased landlady. Steele appeals the grant of summary judgment in favor of Chappell.

Summary judgment is appropriate when the court, viewing all the evidence and drawing reasonable inferences in a light most favorable to the non-movant, concludes that the evidence does not create a triable issue as to each essential element of the case. *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991). Viewed in that light, the evidence was as follows. Steele leased a house from Stacy in June 1990. For more than three years, without incident, Steele went up and down the same wooden basement steps a minimum of once a day to tend the four dogs he kept in the basement. One afternoon, as Steele was carrying a ten-pound bag of dogfood on his left shoulder and had almost reached the bottom of the flight, he fell. Steele claimed that the wooden edge or lip of one step suddenly broke, causing him to fall backwards. Steele admitted that the handrail was in good condition but could not remember whether he used it. According to Steele's testimony, some of the basement steps had knotholes, one step was loose, and one step was cracked. He further testified that on several occasions he had asked Stacy to inspect and repair the stairs because "the stairs did not feel right." *Held*:

1. We reject Steele's contention that a jury question remains as to whether he had equal or superior knowledge of the alleged defective condition of the wooden stairs. Although a landlord is under a statutory duty to keep the premises in repair, a landlord is not an

insurer of his tenant's safety. OCGA §§ 44-7-13; 44-7-14; *Wells v. C & S Trust Co.*, 199 Ga. App. 31 (403 SE2d 826) (1991). Even where the condition of the premises may be hazardous and the landlord negligent, the landlord may not be liable for injury where the tenant had equal or superior knowledge of the alleged defect. Id. at 32; see, e.g., *Smith v. Housing Auth. of the City of Athens*, 212 Ga. App. 503, 504 (441 SE2d 847) (1994); *Hall v. Thompson*, 193 Ga. App. 574 (1) (388 SE2d 381) (1989). Moreover, the responsibility of a landlord for failure to repair a latent defect is not absolute but is predicated only on the landlord's knowledge of the defect and the consequent necessity for repairs. *Harris v. Sloan*, 199 Ga. App. 340, 341 (1) (405 SE2d 68) (1991).

To avoid summary judgment, Steele had to produce evidence to support his claim that Stacy failed to inspect and correct an unsafe defect of which Stacy had superior knowledge. *Barksdale v. Nuwar*, 203 Ga. App. 184, 185 (416 SE2d 546) (1992). This he failed to do. Even assuming that Steele suffered an injury due to a fall on a defective step, and even assuming arguendo that Stacy was notified of the condition of the stairs, it is apparent that Steele's knowledge was at least equal to Stacy's. Where one has equal knowledge of a dangerous defect or condition, he is required to exercise ordinary care for his own safety and must make use of all his senses to avoid harm. *Rowland v. Tsay*, 213 Ga. App. 679, 681 (2) (445 SE2d 822) (1994). By electing to walk down the stairs carrying a bag of dogfood, traversing down the steps he believed defective, Steele assumed the risk of injury as a matter of law and is thus barred from recovery. Id. at 682; *Wells*, 199 Ga. App. at 32. Therefore, the trial court did not err in granting summary judgment in favor of Chappell.

2. Having determined in Division 1 that Steele's recovery is barred by his knowledge of the alleged dangerous condition, we need not reach the issue of the sufficiency of Steele's notice to Stacy.

*Judgment affirmed. Johnson and Ruffin, JJ., concur.*

DECIDED AUGUST 8, 1996.

*Larry E. Gorman*, for appellant.

*Swift, Currie, McGhee & Hiers, Stephen L. Cotter, Victor J. Faenza*, for appellees.