A96A1094. EID v. GREAT ATLANTIC & PACIFIC TEA COMPANY.
(476 SE2d 25)

SMITH, Judge.
Walter Eid brought this action after he allegedly slipped and fell while inside appellee A & P grocery store. He appeals the trial court's grant of summary judgment to A & P.

Construed in Eid's favor, evidence was presented that he slipped and fell while he was walking and looking toward the section of the produce department containing carrots. He testified that he was not looking down at the floor as he walked in the produce section because "[w]hen you walk in the store, you don't look on the floor." He acknowledged that nothing kept him from looking at the floor and asked, "Why would anybody want to look at the floor?" He never observed the object on which he allegedly slipped but claimed that his uncle, Peters, told him that he slipped on lettuce.

Peters testified that after Eid fell, he observed several pieces of "dark" or "brown" lettuce in the vicinity of the fall that looked like they had "been there for awhile." Most of the lettuce pieces were four or five inches in diameter, although smaller pieces were also present. According to Peters, the lettuce was not slimy and looked like someone had stepped on it. Peters testified unequivocally that the lettuce was visible from a standing position and that the dark color of the lettuce contrasted with the white floor.

1. To prevail in a case such as this, a plaintiff must prove both that the proprietor had actual or constructive knowledge of the substance *and* that he or she did not have knowledge of the existence of the substance or was prevented by the proprietor from discovering it. *Alterman Foods v. Ligon*, 246 Ga. 620, 623 (272 SE2d 327) (1980). As to the second requirement set out in *Alterman Foods*, an invitee must exercise ordinary care to avoid a hazard "after it becomes apparent to him or in the exercise of ordinary care he should have learned of it. He must make use of all his senses in a reasonable measure amounting to ordinary care in discovering and avoiding those things that might cause hurt to him." (Citations and punctuation omitted.) Id.; see also *Minor v. Super Discount Markets*, 211 Ga. App. 123, 124 (438 SE2d 384) (1993).

Eid's own testimony established that he failed to use his sense of sight in a reasonable manner amounting to ordinary care. Nothing obstructed his view, and he admitted that he was not looking at the floor as he walked. In fact, he wondered aloud why anyone would look down at the floor as he walked. Although Eid testified that had he looked at the floor he probably could not have seen the lettuce because it would have blended with the color of the floor, this speculation is in direct conflict with the direct and unequivocal testimony of Peters that the lettuce was visible from a standing position and was darker than the light-colored floor. As in *Minor*, whatever the proprietor's knowledge of the substance on the floor, "there is no genuine issue that the cause of [Eid's] fall was [his] own failure to exercise ordinary care." Id. at 125. See also *Colevins v. Federated Dept. Stores*, 213 Ga. App. 49 (443 SE2d 871) (1994). The trial court correctly granted A & P's motion for summary judgment. See *Baker v. Winn Dixie Stores*, 219 Ga. App. 513 (465 SE2d 710) (1995).

2. In light of the holding in Division 1, we need not consider Eid's other contentions.

*Judgment affirmed. Andrews, J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED AUGUST 29, 1996 —
RECONSIDERATION DENIED SEPTEMBER 11, 1996 —

*Robert S. Windholz*, for appellant.
*Carter & Ansley, Burke B. Johnson, Thomas E. Magill*, for appellee.