A96A2096. BRASWELL v. FOODMAX OF GEORGIA, INC. et al.
(484 SE2d 86)

POPE, Presiding Judge.

Plaintiff Joann Braswell filed suit against defendants FoodMax of Georgia, Inc., Clean Serve, Inc. and Universal Cleaning Service, Inc. after she slipped and fell in one of FoodMax's grocery stores. The trial court granted summary judgment to FoodMax and Clean Serve, and plaintiff appeals. We reverse the grant of summary judgment to FoodMax, but affirm the summary judgment granted to Clean Serve.

Construed most favorably to plaintiff, the evidence shows that on January 12, 1993, at approximately 12:35 a.m., plaintiff and her four-year-old son went to one of FoodMax's stores. After entering the store, plaintiff walked down a large center aisle to the frozen foods section, which branched off to the left of the center aisle. After allowing her son to get a popsicle and picking up a frozen dinner for herself, plaintiff went to get popcorn, which was located on an aisle to the right of the center aisle. There, plaintiff spoke to a FoodMax employee who was stocking or straightening shelves.

After picking up some popcorn, plaintiff, with her son walking some distance in front of her, left the popcorn aisle and walked down the left side of the center aisle toward the cash registers at the front of the store. As she was walking, plaintiff slipped and fell forward, allegedly injuring herself. Seeing plaintiff fall, the employee on the popcorn aisle came to plaintiff's assistance. The employee and plain-

---

tiff then looked for the cause of the fall, but from a standing position, were unable to locate anything on the center aisle's light colored tile. Upon further inspection from a stooped position, they saw a clear liquid substance on the tile. During deposition, plaintiff admitted that she was not looking directly at the floor when she fell, but claimed that even if she had been, she would not have seen the liquid.

After the liquid was discovered, the employee informed the store's assistant manager, Charles Howard, about the fall. Upon arriving at the scene, Howard told plaintiff that people were mopping and cleaning the floors in the area, and apparently left the liquid on the floor. It is undisputed that no warning signs were posted in the area before the fall, and in an incident report, which was written within approximately ten minutes of the fall, Howard specifically stated that the "floor crew had water on the floor[,]" but "no wet floor signs were in place."

FoodMax has admitted that at the time of the incident, it had a contract with Clean Serve to provide floor cleaning services at the store. It is undisputed that Clean Serve had subcontracted with Universal to actually provide the service.

1. Plaintiff contends that the trial court erred in granting summary judgment to FoodMax because there are genuine issues of fact regarding FoodMax's liability in the case. We agree.

"[A]n owner or occupier of land is liable in damages to invitees who come upon the land for injuries occasioned by his failure to exercise ordinary care in keeping the premises safe. Accordingly, an owner who has either actual or constructive knowledge of defects or dangers on the premises has a [nondelegable] duty to warn others coming on the premises who do not have knowledge of the defects and/or dangers and who through the exercise of ordinary care would not discover them. Liability does not extend from ownership alone, but only from the breach of this duty." (Citations omitted.) *Murphy v. Blue Bird Body Co.*, 207 Ga. App. 853, 857 (3) (429 SE2d 530) (1993). In cases such as this, where the owner of the premises has authorized the application of substances to the floor in an effort to clean the floor, the owner is presumed to have knowledge of the existence of the substance on the floor. *Alterman Foods v. Ligon*, 246 Ga. 620, 623-624 (272 SE2d 327) (1980); *Lindsey v. J. H. Harvey Co.*, 213 Ga. App. 659, 660 (445 SE2d 810) (1994). And in such cases, "the plaintiff may make out a cause of action by showing an act or omission on the part of the [owner or occupier] which was the proximate cause of [the plaintiff's] injury [so long as that injury] could not have been avoided by the plaintiff through the exercise of ordinary care. [Cit.]" *Alterman Foods*, supra.

In the instant case, Howard specifically stated in his incident report that "the floor crew had water on the floor." According to his

affidavit, the statements found in the incident report were based on his investigation of the accident *and* his own personal knowledge. As such, when construed most favorably to plaintiff, Howard's statement regarding the presence of a floor crew in the store must be regarded as a statement of fact. This is especially true in light of the fact that Howard told plaintiff almost immediately after she fell that someone had been cleaning the floors. Because it is undisputed that the cleaning crew was authorized to clean the store pursuant to Food-Max's contract with Clean Serve, and because there is at least an inference created by Howard's statements and investigation that the crew was using water to accomplish the cleaning, under *Alterman Foods* and *Lindsey*, FoodMax is deemed to have had knowledge of the application of water to its floor. In light of such knowledge, and Food-Max's policy that the store manager inspect the entire premises every 20-30 minutes, there is a question of material fact as to whether FoodMax fulfilled its duty to invitees of using ordinary care to ensure that its premises remained safe during the cleaning process. This is true because a question of material fact exists regarding whether Howard exercised ordinary care, pursuant to implementation of the above-mentioned policy, in either disregarding or failing to notice the undisputed fact that no signs were posted warning customers of the potential danger posed by the wet floor. See *Feggans v. Kroger Co.*, 223 Ga. App. 47, 51 (2) (476 SE2d 822) (1996).

There also is clearly an issue of material fact in this case regarding whether plaintiff failed to use ordinary care for her own safety. While it is true plaintiff admitted that nothing obstructed her view of the center aisle before the fall, and that she was not looking at the floor at the time of the fall, plaintiff also specifically deposed that the substance on the floor was clear and invisible from a standing position. The duty to exercise ordinary care to discover and avoid a hazardous condition does not require a customer to continuously scan the floor for any such condition, but instead requires only that the customer use their eyesight to avoid plainly visible hazards in their path. See *Vermont American Corp. v. Day*, 217 Ga. App. 65, 66 (456 SE2d 618) (1995); *J. H. Harvey Co. v. Johnson*, 211 Ga. App. 809, 811 (440 SE2d 548) (1994). In this case, it cannot be said as a matter of law that the liquid on the floor was plainly visible.

Accordingly, we conclude the trial court erred in granting summary judgment to FoodMax.

2. Plaintiff next contends that the trial court erred in granting summary judgment to Clean Serve. Specifically, plaintiff argues that by contracting with FoodMax, Clean Serve undertook an express duty to conduct any supervision necessary to complete the contract. This argument, however, is unfounded. Although it is undisputed that Clean Serve had an agreement with FoodMax to provide floor

cleaning services for the store in question, Clean Serve's president, Christopher Powers, testified by affidavit that under the terms of the agreement, Clean Serve was not responsible for providing training, oversight or supervision for the floor cleaning operations. And plaintiff has failed to present any competent evidence to rebut Powers' testimony.

Additionally, it is clear from the record that Clean Serve had hired Universal as an independent contractor to actually perform any cleaning operations at the store. Clean Serve did not have any of its own employees performing work at the store in question and, unlike FoodMax, does not have a statutory nondelegable duty to exercise ordinary care to keep FoodMax's premises and approaches safe for invitees. See *Greene v. Piedmont Janitorial Svcs.*, 220 Ga. App. 743, 744 (2) (470 SE2d 270) (1996). Under its contract with Universal, Clean Serve did not retain any right to control the time or manner in which Universal performed its cleaning operations. In this state, the employer of an independent contractor is generally not responsible for the torts committed by the independent contractor absent the reservation of the right to control the time and manner of the execution of the independent contractor's work. OCGA §§ 51-2-4; 51-2-5 (5); see *Feggans v. Kroger Co.*, 223 Ga. App. at 48 (1); *Kraft Gen. Foods v. Maxwell*, 219 Ga. App. 211, 212 (1) (a) (464 SE2d 639) (1995). Thus, in the instant case, Clean Serve is not liable for any negligent acts on the part of Universal.

Plaintiff's claim that Clean Serve is not entitled to summary judgment merely because it will have to indemnify FoodMax under the terms of the contract it had with FoodMax is meritless. There is simply no credible record evidence to support such a claim. Moreover, whether Clean Serve is obligated to indemnify FoodMax under the terms of their contract does not present an issue of material fact and has absolutely no bearing with regard to plaintiff's purported claim against Clean Serve for failing to supervise the cleaning of the FoodMax store.

In light of the above, we conclude the trial court did not err in granting Clean Serve's motion for summary judgment.

*Judgment affirmed in part and reversed in part. Andrews, C. J., and Smith, J., concur.*

DECIDED MARCH 13, 1997.

*Deming, Parker, Hoffman, Green & Campbell, Paul M. Hoffman,* for appellant.

*Drew, Eckl & Farnham, Hall F. McKinley III, Douglas G. Smith,*

*Jr., Jennings & Sparwath, Stephen H. Sparwath, Long, Weinberg, Ansley & Wheeler, Frank F. Middleton IV*, for appellees.