## A97A1147. GOURLEY v. FOOD CONCEPTS, INC.
(493 SE2d 587)

McMURRAY, Presiding Judge.

Plaintiff Honna Hendrickson Gourley brought this tort action against defendant Food Concepts, Inc., doing business as Sizzler Restaurant, seeking to recover for personal injuries sustained when she slipped and fell in defendant's establishment. After discovery, the trial court granted defendant's motion for summary judgment, concluding the undisputed evidence showed plaintiff knew or should have known of the hazard posed by the wet and slippery floor near the salad bar in defendant's restaurant. *Held*:

"[I]t is a plaintiff's knowledge of the *specific* hazard which precipitates the slip and fall which is determinative, not merely [her] knowledge of the generally prevailing hazardous conditions or of the hazardous conditions which [plaintiff] observes and avoids." (Emphasis in original.) *Telligman v. Monumental Properties,* 161 Ga. App. 13, 14 (2), 16 (288 SE2d 846).

Viewed in the light most favorable to plaintiff as the non-movant, the evidence indicates that plaintiff and her son, nearly 13-year-old Hugh Hendrickson, entered defendant's establishment at approximately 11:30 a.m., i.e., when defendant first opened for business to the public for that day. Someone had to unlock the door with a key. Plaintiff's son immediately noticed the "tile floor . . . was very slippery and it was glossy because of the water. It gave it a glossy shine to it. . . . There were no wet floor signs. . . . There was nothing in the hallway that said caution, [wet or] slippery floor." Hugh Hendrickson affirmed he "said something to [his] mother" about slipping. At the checkout, plaintiff and her son, "just said [to the cashier] the floor was very slippery." Once plaintiff and her son selected their table, Hugh Hendrickson went to the salad bar, where "[i]t was very slippery. The whole floor was slippery. [Hugh Hendrickson thought] before [defendant] opened [employees] mopped the floor for sanitary reasons." Hugh Hendrickson "had to hold on to the salad bar a few times, and [he] walked very carefully back because . . . where the exit and enter is, enter the seating area, was very slippery." Hugh Hendrickson "mentioned to [plaintiff that he] almost slipped by the salad bar." Hugh Hendrickson "did not see [his mother] fall."

Plaintiff affirmed that she has "had a problem with [her] memory since the fall." She testified that she and her son arrived at defendant's restaurant "[r]ight when they opened the doors." Plaintiff did not fall right inside the entrance but "close to the salad bar . . . that food bar." She fell "[t]he second time to the food bar." But "when [she] made that first trip to the food bar, [it] was [not] the same area that [she] fell. . . . It was a different part" of the food bar. Specifically, she "hadn't been there before."

Plaintiff was wearing rubber-soled tennis shoes. She was "[w]alking back to [her] table, walking towards where the table is, . . . but . . . right there close to the food. . . . [Her] two feet just split, started sliding and [plaintiff went] back." Plaintiff "was knocked out." She affirmed "that the floor was slick in some way or slippery." She "just lost control[; her] feet just started sliding." There was nothing for plaintiff to grab onto, "[i]t happened so quick[ly]." Plaintiff admitted she realized, when she walked into the restaurant, that the floor was slippery "[a]t the front door." There were no signs or other warnings, "nothing." "When [plaintiff] went to the salad bar to get [her] son's stuff, the floor was normal." She affirmed that "[a]t the time that [plaintiff] went to get the food for [her] son [at one area of the display], [she] did [not] notice [whether] the floor was slippery in the [other] area where [she subsequently] got [her own] food."

Plaintiff denied the floor was "continuously slippery from [the front entrance] up until [she] got to the table." When plaintiff first entered the restaurant and noticed the floor was slippery inside the front entrance, she "looked down . . . [and saw] nothing" to indicate a dangerous floor, "no [accumulated] water or nothing." That is, she "didn't see anything visible to the eye." Plaintiff is "sure that the reason [she] fell was because the floor was slick." She felt the lighting "was adequate." After her fall, plaintiff "rubbed the floor and it was like there was a film. You couldn't see it. Nothing was shiny. It was like a Vaseline feel. It was just like a real greasy film was on there, but the light didn't make it look wet or any color." This perceived film did not "leave any type of grease mark or any type of wetness on [plaintiff's] clothes."

Defendant's motion for summary judgment contended "there is no evidence of negligence on [its] part . . . particularly since no wax or wax like substance was even used on the floors, and since the Plaintiff had equal or superior knowledge of any 'slick' condition on the floor prior to falling and assumed the risk of her injuries." In support of its motion, defendant submitted the affidavit of Paul Kaigler, Assistant Manager of the Sizzler restaurant, who deposed that the tiled flooring used at the restaurant "is standard flooring frequently and customarily used in the restaurant business. In addition, the tiles are not made of a slippery substance such as marble." Furthermore, the tiles are not waxed and are cleaned only with soap and water.

Although the dissent concludes that plaintiff "was told by her son of the condition of the floor near the food bar before she fell," (dissenting opinion, p. 184, post) the evidence, as recited above, indicates only that Hugh Hendrickson told his mother he almost slipped by the salad bar. Any additional but unimparted knowledge held by Hugh Hendrickson of the floor's slippery condition cannot be imputed to his

mother. In plaintiff's experience, the floor was not continuously slippery from the entrance to the food bars. When plaintiff approached *another area* of the salad bar to serve herself, there were no visible conditions of accumulated water or fallen food that a prudent patron would see and avoid. Constructive knowledge is not necessarily imputed to the patron who traverses different areas. See *Cedartown-Polk County Hosp. Auth. v. Watwood,* 195 Ga. App. 321, 322 (393 SE2d 476). In our view, the facts of the case sub judice authorize the favorable inference that the floors had just recently been washed by defendant's employees with soapy water and were not yet completely dry when someone unlocked the front door and allowed plaintiff and her son to enter the restaurant. Defendant's knowledge of the presence of soapy water on a floor open to patrons is presumed, since defendant authorized the mopping. *Alterman Foods v. Ligon,* 246 Ga. 620, 624 (272 SE2d 327); *Broomberg v. Hudgens,* 206 Ga. App. 797, 799 (3), 800 (426 SE2d 617). Plus, defendant's cashier was informed of the slippery entrance.

"In this type of case the plaintiff may make out a cause of action by showing an act or omission on the part of the defendant which was the proximate cause of [her] injury and which could not have been avoided . . . through the exercise of ordinary care." *Alterman Foods v. Ligon,* 246 Ga. 620, 624, supra. Defendant is not entitled to summary judgment unless the evidence shows that no genuine issue of material fact remains as to plaintiff's equal knowledge of the wetness and whether, in the exercise of ordinary care, she could have avoided it. *Broomberg v. Hudgens,* 206 Ga. App. 797, 799 (3), 800, supra.

Defendant's omission, in breach of its duty of care to invitees, is established by evidence of a total absence of signs warning patrons of the wet floor. We do not agree with the dissent's conclusion that plaintiff's knowledge that the *entrance* was slippery, combined with her son's statement that he almost fell *near* the salad bar, is sufficient notice to make plaintiff's alleged knowledge of the soapy slippery floor equal or superior to that of defendant's. Nor does the fact that she successfully negotiated one spot near the salad bar conclusively establish that she should have known of the hazard posed by slippery, soapy water at *another area* of the salad bar.

"To hold that [defendant] is insulated from potential tort liability for its own negligence because its customers are deemed to have had 'constructive knowledge' of an invisible [film of soapy water in one location open to the public] as the result of their actual knowledge of [similar] conditions and hazards [at another location open to the public] would make those customers, in effect, mere trespassers on [defendant's] premises to whom virtually no duty would be owed with regard to the maintenance of [a slippery, soapy] hazard. We do not understand this to be the law in slip and fall cases. [Cit.] Assuming

the proprietor to be at 'fault' with regard to the [invisible soapy, slippery] hazard [the proprietor applied near the salad bar], the true issue is whether the invitee was ignorant of *that* hazard." *Telligman v. Monumental Properties,* 161 Ga. App. 13, 14 (2), 16, supra. The record in the case sub judice reveals *no evidence* that plaintiff's son expressly mentioned to her the possibility that the floor was slippery due to recent mopping, although that possibility occurred to him. Thus, defendant is incorrect to urge that plaintiff cannot recover under OCGA § 51-11-7, in that she knowingly proceeded to test the obvious risks of a floor with accumulated water. Compare *Lindsey v. J. H. Harvey Co.,* 213 Ga. App. 659, 661 (445 SE2d 810). The question whether plaintiff should have appreciated the invisible risk posed by the wet, slippery floor near the salad bar involves proximate cause and comparative negligence. In this case, these are questions for the jury — and not this Court — to determine. "Notwithstanding [defendant's] evidence concerning the nature of the tile floor and the properties of its cleaner, [plaintiff's] evidence was sufficient to show that a genuine issue exists [as to the safety of the floor when defendant's restaurant opened its doors for business]. Additionally, nothing in the record shows that [plaintiff] failed to exercise ordinary care for her own safety [in avoiding the danger posed by the invisible slippery film on defendant's floor]." *BBB Service Co. v. Glass,* 228 Ga. App. 423, 435 (1) (491 SE2d 870) (Birdsong, P. J., and Ruffin, J., concurring specially). Since the evidence in the case sub judice reveals the existence of genuine issues of material fact, the grant of summary judgment must be reversed.

*Judgment reversed. Beasley, Ruffin and Eldridge, JJ., concur. Andrews, C. J., Birdsong, P. J., and Smith, J., dissent.*

SMITH, Judge, dissenting.

I respectfully dissent. Because the uncontradicted evidence shows that Gourley had knowledge equal to that of Food Concepts of any defect, I would affirm the trial court's grant of summary judgment.

Evidence was presented that Gourley knew the floor surrounding the food bar was slippery. According to Hendrickson, while he visited the food bar and walked completely around it as he served his food, he noticed the floor "was very slippery." It looked shiny and wet, like the floor in the entranceway. Hendrickson stated he had to hold onto the food bar because the floor was so slippery. After Hendrickson returned to his table, he told Gourley he had almost slipped at the food bar. He testified that Gourley then went to the food bar and fell. Gourley did not controvert this testimony that Hendrickson explicitly mentioned the condition of the floor near the food bar.

To recover in a premises liability case such as this, it is incum-

bent on a plaintiff to show the existence of two elements: (1) fault by the proprietor; and (2) the invitee's ignorance of the danger. *Shansab v. Homart Dev. Co.*, 205 Ga. App. 448, 450 (3) (422 SE2d 305) (1992). As to the second element, if the invitee has knowledge equal to that of the proprietor, the invitee is charged with exercising ordinary care for his or her own safety and using all his or her senses to avoid harm. *Steele v. Chappell*, 222 Ga. App. 451, 452 (474 SE2d 309) (1996). See also *Eid v. Great A & P Tea Co.*, 222 Ga. App. 714, 715 (476 SE2d 25) (1996). Where the invitee "knows of the condition or hazard there is no duty on the part of the proprietor to warn [her] and there is no liability for resulting injury because the invitee . . . has as much knowledge as the proprietor does and then by voluntarily acting, in view of [her] knowledge, assumes the risks and dangers incident to the known condition." (Citations and punctuation omitted.) *O'Steen v. Rheem Mfg. Co.*, 194 Ga. App. 240, 241 (1) (390 SE2d 248) (1990). This "superior/equal knowledge" rule "presumes the plaintiff, knowing of the danger, could have avoided the consequences of defendant's negligence with the exercise of ordinary care." (Punctuation omitted.) Id. at 242.

Food Concepts submitted evidence on motion for summary judgment that Gourley was told by her son of the condition of the floor near the food bar before she fell. As respondent on motion for summary judgment, it was Gourley's burden to come forward with evidence contradicting this fact. *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991). This she failed to do. The evidence therefore shows that Gourley had equal knowledge of the alleged hazard and nonetheless chose to enter that area and to walk away from the food bar without looking down at the floor. Even assuming that the restaurant had knowledge of some substance on the floor, Gourley elected to traverse the area without looking at the floor despite being warned of its condition and her consequent knowledge of its condition. She failed to exercise ordinary care for her own safety and therefore should not recover. See *Steele, O'Steen, Shansab,* supra. Although issues of negligence ordinarily require jury resolution, where the facts are plain, as here, summary judgment is proper. *Warnke v. Pace Membership Warehouse*, 215 Ga. App. 33, 34 (449 SE2d 629) (1994).

I am authorized to state that Chief Judge Andrews and Presiding Judge Birdsong join in this dissent.

DECIDED NOVEMBER 5, 1997.

*Rubin & Hoyt, Robert P. Hoyt,* for appellant.

*Baker & Shivers, Thurbert E. Baker, Charles E. Johnson III*, for appellee.