## A03A2281. BERSON v. AMERICAN GOLF CORPORATION.
### (595 SE2d 622)

Johnson, Presiding Judge.

The appeal in this slip and fall case is from the grant of summary judgment to the defendant premises owner. Because there are genuine issues of material fact about whether the plaintiff had knowledge of the alleged hazard, the trial court erred in granting summary judgment. We therefore reverse the court's ruling.

On July 19, 1999, Irene Berson went to play golf at the Bobby Jones golf course in Fulton County. She had never played there before and was walking through the club house in golf shoes with metal spikes when she slipped and fell on a waxed tile floor. Berson sued the course owner, American Golf Corporation, alleging that she broke her ankle in the fall and that the injury was caused by American Golf's failure to warn of the danger of walking on the newly waxed floor.

American Golf moved for summary judgment. The trial court granted the motion, finding that Berson contends only that the tile floor — not the wax on the floor — caused her to fall, and that she knew walking on a tile floor with spikes was risky. Based on those findings, the court concluded that Berson had equal knowledge of the hazard and that American Golf had no duty to warn about the open and obvious tile floor.

Berson appeals, arguing that the court erred in granting summary judgment because there are genuine issues of material fact as to whether she had equal knowledge of the slippery waxed floor. We agree with the argument and hold that summary judgment is inappropriate in this case.

To recover for injuries sustained in a slip and fall, the plaintiff must prove (1) that the defendant had actual or constructive knowledge of the hazard; and (2) that the plaintiff lacked knowledge of the hazard, despite exercising ordinary care, due to actions or conditions within the defendant's control.[1] Such routine issues of premises liability are generally not susceptible to summary judgment, which may

---

[1] *Robinson v. Kroger Co.*, 268 Ga. 735, 748-749 (2) (b) (493 SE2d 403) (1997).

be granted only when the evidence is plain, palpable, and undisputed.[2]

In the instant case, contrary to the trial court's ruling, the evidence that Berson had knowledge of the hazard is not plain, palpable, and undisputed. The trial court's erroneous summary judgment ruling stems from the court's flawed finding that Berson does not contend that her fall was caused by the wax on the floor, but contends only that the tile floor caused her fall. That finding flies in the face of the plain language of Berson's complaint and evidence offered by her.

In her complaint, Berson plainly avers that her "injury was sustained while walking on a newly waxed floor," that American Golf failed to adequately warn her and others "not to wear spiked shoes on the newly waxed floor," that the failure to "warn of the danger of walking on the newly waxed floor caused or contributed to [her] fall," and that American Golf "knew or should have known that wearing spiked shoes on the newly waxed floor would be dangerous."

In support of her claims, Berson introduced the affidavit of Robert Clein, who is a licensed engineer and home inspector. Clein swears in his affidavit that he has inspected thousands of tile floors, that on the afternoon of Berson's fall he took pictures of the floor in the club house, that the floor was covered with wax, that there were scratches in the wax finish where Berson fell, and that other than the scratches themselves an average person would not have noticed the wax.

Berson also cites the affidavit of Brian Riggins, who was the operating manager of the golf course at the time of Berson's fall. Riggins states in his affidavit that at the time of Berson's fall it was acceptable and customary for people to wear shoes with metal spikes in the club house; that the tile floor in the club house was slippery at the time of Berson's fall; that American Golf knew the floor was slippery; that a sign is usually posted to warn visitors of the slippery condition, but no signs warning of the slippery floor were posted when Berson fell; that after Berson left the facility Riggins' boss told him to put up signs cautioning visitors that the tile floor was slippery; that he put up such signs; and that an attorney for American Golf left a message for him to sign an affidavit saying that signs were up in the club house when Berson fell, but he could not sign such an affidavit because no signs were posted at that time.

Despite the plain language of Berson's complaint and the affidavit evidence showing that there were no signs warning of the slippery waxed floor, the trial court apparently agreed with American Golf's

[2] Id. at 748.

contention that Berson has admitted in her deposition that the wax did not cause her fall. Based on that admission, American Golf reasons, she has abandoned any claim that the wax caused her injury, and she is limited to claiming only that the open and obvious tile floor caused her fall.

American Golf's contention that Berson has somehow abandoned her claim that the wax on the tile floor caused her to fall is disingenuous and misconstrues Berson's deposition testimony. In addition to testifying that she had never been to the Bobby Jones golf course before her injury, that the slippery tile floor upon which she fell had no traction at all, and that she saw no signs warning of the floor's condition, Berson gave the following testimony at her deposition in response to questioning by American Golf's counsel.

> Q. Was there any substance on the tile floor that made it slippery or just by virtue of the tile itself?
> A. Certainly at the time I didn't know, but when the photographs were taken, it was pointed out to me that it was waxed.
> Q. What was waxed?
> A. The tile floor.
> Q. And do you think that makes it slippery or more slippery or less slippery putting wax, having wax on a tile floor?
> A. Based from what happened to me, I would say more slippery.
> Q. Because what I'm trying to get at is, is it just because the tile floor, did you just fall because of the composition of the tile, or do you contend that the tile floor itself was slippery, more than just because it's tile, but there was something on it, whether it be wax, water, whatever?
> A. I don't contend any — I don't contend anything. I just know what happened. I don't know if that's what made it slippery or if it was slippery for some other reason.
> Q. Are you contending that any wax on the tile floor caused you to fall?
> A. Me personally?
> Q. Yes, ma'am.
> A. No.

In contending that Berson has abandoned her claim that wax on the floor caused her fall, American Golf seizes on the last two responses above in which Berson states that she personally is not contending that wax on the floor caused her to fall. While those responses, considered in a vacuum, might support such a contention, it is apparent that they do not support the contention when looked at

in the context of the entire record. Considered in the context of Berson's deposition testimony as a whole, her complaint, and her other evidence, including the affidavits of Clein and Riggins, it is obvious that Berson's statements at her deposition are not tantamount to an admission that the wax on the floor did not cause her fall. Rather, she clearly testified that she had never been to the golf course prior to her fall, that she was not aware of the wax on the floor until she saw it in photographs after her fall, that based on her experience she believed the wax made the floor more slippery, but that she has no personal knowledge about whether the wax caused her to fall.

Contrary to American Golf's argument and the trial court's findings, Berson has not unequivocally conceded that the wax on the floor did not cause her to fall and she has in no way abandoned the plain allegations in her complaint that her fall and broken ankle were caused by the newly waxed tile floor about which she was not warned. Moreover, there is evidence in the record to support her claim and create genuine issues of material fact.

> To prevail at summary judgment under OCGA § 9-11-56, the moving party must demonstrate that there is no genuine issue of material fact and that the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law. A defendant may do this by showing the court that the documents, affidavits, depositions and other evidence in the record reveal that there is no evidence sufficient to create a jury issue on at least one essential element of plaintiff's case.[3]

Because there is evidence in the record sufficient to create jury issues as to American Golf's knowledge of the hazard posed by the waxed tile floor and as to Berson's lack of knowledge of the hazard, American Golf has not met its burden as the party moving for summary judgment. The trial court therefore erred in granting summary judgment to American Golf on the basis that Berson had equal knowledge of the hazard, and that ruling is hereby reversed.[4]

*Judgment reversed. Eldridge and Mikell, JJ., concur.*

DECIDED FEBRUARY 23, 2004.

*Slappey & Sadd, James N. Sadd*, for appellant.

---

[3] (Citation and emphasis omitted.) *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991).
[4] See *Gourley v. Food Concepts*, 229 Ga. App. 180, 183 (493 SE2d 587) (1997).

*Cruser & Mitchell, Joseph R. Cruser, Robert D. Brunson,* for appellee.