[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 10, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-16576
Non-Argument Calendar

_____

D. C. Docket No. 05-00359-CV-WDO-5

TAMMIE ANN HARRIS,

Plaintiff-Appellant,

versus

UNITED STATES OF AMERICA,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

**(April 10, 2007)**

Before WILSON, PRYOR, and HILL, Circuit Judges.

PER CURIAM:

Tammie Ann Harris appeals the district court's entry of summary judgment in favor of the United States in this action brought pursuant to the Federal Torts Claim Act, 28 U.S.C. § 1346 (FTCA). On appeal Harris argues that the district court erred in its interpretation of Georgia landlord-tenant law as to a landlord's alleged negligence.[1] The government argues that Harris has not presented a genuine issue for trial. After thorough review of the record, the briefs of the parties and the arguments presented therein, we affirm the grant of summary judgment by the district court in favor of the United States.

The parties are familiar with the proceeding and only facts relevant to the appeal will be repeated here. Harris and her family lived in two-story base housing at Robins Air Force Base in Warner Robins, Georgia. Harris filed suit for damages against the United States after she fell while eight months pregnant descending the carpeted stairs and broke her leg. Harris testified that the carpet on one of the stairs shifted or slipped as she stepped on it, causing her to lose her balance and fall.

---

[1] Georgia law is the substantive controlling law in this case as the FTCA provides a waiver of sovereign immunity when the negligent or wrongful conduct of a United States employee causes personal injury or death under circumstances where the United States, if a private person, would be liable in accordance with the substantive law of the place where the conduct occurred. *See* 28 U.S.C. § 1346(b)(1).

The district court granted summary judgment to the United States, finding that Harris had presented no evidence to support either her negligence per se claim or her general negligence claim. It found that Harris presented no evidence that the carpeted stairs were not uniformly slip resistant. *See McLain v. Mariner Health Care, Inc.*, 631 S.E.2d 435, 437 (Ga. App. 2006). The district court also found that Harris had superior knowledge regarding the existence of the allegedly hazardous condition, and that no negligence on the government's part was proven to be the proximate cause of her injuries. *See Hall v. Thompson*, 388 S.E.2d 381, 382 (Ga. App. 1989).[2]

We review the grant of a motion for summary judgment *de novo*. *See Cotton v. Cracker Barrel Old Country Store, Inc.*, 434 F.3d 1227, 1230 (11th Cir. 2006). A motion for summary judgment should be granted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita*

---

[2] One of the reasons given when Harris' administrative claim for damages was denied was that the United States did not have knowledge of the alleged carpet defect until after Harris fell.

*Elec. Indus. Co. v. Zenith Radio Corp.*, 106 S.Ct. 1348, 1356 (1986).

In the case of a latent defect, such as an allegedly loose carpet in the present case, Georgia law provides that a landlord generally is responsible for a negligent failure to repair and maintain premises (1) only if the tenant has notified the landlord, or (2) if the landlord has superior knowledge of the defect. *See Steele v. Chappell*, 474 S.E.2d 309, 310 (Ga. App. 1996).

The record is clear that Harris presented no evidence that the carpeted steps were not uniformly slip resistant. The record is also clear that Harris admitted that neither she nor her husband ever complained about a problem with the carpeting on the stairs until after she fell.

Based upon Harris' superior knowledge of the condition of the carpet on the stairs, the district court presumed that her knowledge of the danger was equal to or superior to that of the United States and entered summary judgment in favor of the government. *See Evans v. Mathis Funeral Home*, 996 F.2d 266, 269 (11th Cir. 1993) (Georgia courts presume plaintiff's equal knowledge of hazardous conditions when, *inter alia*, "plaintiff has traversed the steps only moments before falling"). On this record, the district court correctly determined that there was superior knowledge on Harris' part under Georgia law. We affirm.

**AFFIRMED.**